*Caperton* for plaintiff: *Harlan & Craddock* for def'ts.

---

CHANCERY.          **Denny's Ex'ors vs J. & F. Williamson.**

*Case 69.*              ERROR TO THE GARRARD CIRCUIT.

*Usury.*

*April 9.*      JUDGE MARSHALL delivered the opinion of the Court.

Case stated.
ABOUT the 22d of December, 1828, Denny loaned to F. Williamson $338, and at the same time received her negro boy, Tom, about 16 years of age, on the agreement to have his services for the use of the money. Under this agreement the boy was held for eight years, when Denny having advanced, or Williamson being indebted to him in the additional sum of $20 and $53, making $73, the parties had some sort of settlement, and Denny took the note of J. and F. Williamson for $300, payable in twelve months, with interest from the date, thus throwing off $111 of the principal which he might have claimed according to the contract. The value of the boy's services is variously estimated, but on any estimate greatly exceeded the legal interest on the loan.

It is contended that by this settlement the transaction was purged of its usury, or at least that it merged all future right to go behind it for the purpose of claiming and setting off against the debt, the true value of the boy's

Where the use of a slave was agreed to be given for the use or loan of a sum of

services: but we are of opinion it is entitled to no such effect. If the parties had, in good faith, made an estimate of the annual value of the boy's services with the view of crediting the debt and legal interest with that value and had found a balance by crediting, annually, the service of the year upon the debt and interest of the year, then altho the estimate of the services might even have been low, yet if made in good faith, the settlement might perhaps be regarded, not only as a purgation of the usury, but in the absence of fraud or mistake, as concluding further investigation or claim as to the value of the services. The same effect might perhaps be allowed, if the aggregate value of the services had been credited on the principal and aggregate interest, calculated up to the time of settlement. And even tho' in either case usurious interest were calculated and charged, if there were a real fair effort to ascertain the reasonable value of the services, and this was in good faith agreed and fixed by the parties, this adjustment of value, if not conclusive, would, in the absence of fraud, be at least highly persuasive evidence on that point, yet the claim for usury would be in no manner affected thereby. Such a settlement would be but an acknowledgment that usurious interest was due or chargeable on adjustment of its amount, and a discharge of the whole or a part of it. And the remission by the lender of a part of the usury originally agreed on, or his acknowledgment of full satisfaction upon payment of principal and legal interest and a part only of the usury first agreed on, could not be a purgation of the entire usury, because a part of the usury would still be left. And to say that the right of reclaiming it would be merged by remission of part and by paying or agreeing to pay the residue, would take from the statute its entire force and efficacy for the suppression of usury or the protection of borrowers, for the lender might charge twenty per cent. and on settlement take nineteen.

In this case it does not appear that there was any effort of the parties to ascertain and fix the fair annual value of the boy's services, or that they did agree upon any value except upon comparison with the use of the money. And it was at last settled that $111 should be thrown off

DENNY'S EX'RS.
*vs*
WILLIAMSONS.

money, the interest of which fell far short of the value of the hire, and after the lapse of several years the lender remitted a portion of the usurious interest, &c. took the note for the supposed ballance——*held* that this transaction did not purge the case of the usury and bar the borrower of the right in chancery to have the transaction, throughout, re-examined by the chancellor, and settled upon equitable principles.

DENNY'S EX'RS.
*vs*
WILLIAMSONS.

from the principal, for the use of the slave, or in other words, that the value of the use of the boy exceeded that of the use of the money by that sum. But surely this does not determine the rate at which either value was estimated. And as the original agreement was certainly usurious, the value of the use of the boy being, from the first, greatly more than the legal value of the use of the money, the real character of the transaction, and it is one which is given to it by the proof, is that the borrower making complaint against this excess, when about to retake possession of the boy, the lender, without any calculation or attempt to ascertain or give the real value of his services, proposes to remit the aggregate of the sums of $38, $20 and $53, which is far below the real excess, and, in effect, remits a part of the usury. Such a settlement is no bar to a re-adjustment of the whole transaction, from the beginning, on legal and equitable principles, by crediting the value of the boy's services annually upon the debt and its legal interest. The decree is based upon this principle, and is substantially correct in its details, assuming the average annual value of the boy's services to have been $55, as reported by the commissions. This average is complained of, in the cross errors, as being too low, and perhaps it is. But the record furnishes no certain criterion for fixing it. And it is to be observed that, as the value became greater afterwards than at first, the annual credit of the average value from the first, occasions a loss to the lender, in the mode of calculation, which would probably balance the result that might be produced upon a correct calculation of the charge for the services were it increased to the extent that the evidence would allow.

Wherefore the decree is affirmed upon the original and cross errors.

*Turner* for plaintiffs: *Bradley* for defendants.